EXHIBIT B

## Case Information

DC-24-05311 | JOHSUA ESCANDON , et al vs. THE SHOPS AT PARK LANE DALLAS & NORTHWOOD RETAIL LLC., et al

Case Number
DC-24-05311
File Date
04/09/2024

Court
68th District Court
Case Type
OTHER PERSONAL INJURY

Judicial Officer
HOFFMAN, MARTIN
Case Status
OPEN

## Party

PLAINTIFF
ESCANDON , JOHSUA

Active Attorneys
Lead Attorney
SIDDIQUI, OMER
Retained

PLAINTIFF
Escandon, Johsua

Active Attorneys
Lead Attorney
SIDDIQUI, OMER
Retained

DEFENDANT
THE SHOPS AT PARK LANE DALLAS & NORTHWOOD RETAIL LLC.

Active Attorneys
Lead Attorney
KLAES, CHAZ DANIEL
Retained

DEFENDANT
UNITED PROTECTIVE SERVICES

Active Attorneys
Lead Attorney

**GREEN, SARA A.**
Retained

DEFENDANT
**STARBUCKS CORPORATION**

DEFENDANT
**TESLA, INC.**

Active Attorneys
Lead Attorney
**ESPINOSA, CHRISTOPHER ANDREW**
Retained

## Events and Hearings

04/09/2024 NEW CASE FILED (OCA) - CIVIL

04/09/2024 ORIGINAL PETITION

PLAINTIFFS ORIGINAL PETITION

04/09/2024 REQUEST FOR SERVICE

REQUEST FOR SERVICE

04/09/2024 ISSUE CITATION

ISSUE CITATION - THE SHOPS AT PARK LANE DALLAS & NORTHWOOD RETAIL LLC.

06/24/2024 DISMISSAL FOR WANT OF PROSECUTION

Dismissal Notice

Dismissal Notice

Judicial Officer
**HOFFMAN, MARTIN**

Hearing Time
**8:58 AM**

Cancel Reason
**BY COURT ADMINISTRATOR**

---

07/08/2024 CITATION ▾

**Unserved**

Anticipated Server
**ESERVE**

Anticipated Method
Comment
**THE SHOPS AT PARK LANE DALLAS & NORWOOD RETAIL LLC**

---

08/05/2024 DISMISSAL FOR WANT OF PROSECUTION ▾

Dismissal Notice

Dismissal Notice

Judicial Officer
**HOFFMAN, MARTIN**

Hearing Time
**8:58 AM**

Cancel Reason
**BY COURT ADMINISTRATOR**

Comment
**1ST RESET ON DWOP - SERVICE ISSUES MLD NTC TO PLTFF ATTY**

---

08/19/2024 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIGINAL ANSWER THE SHOPS AT PARK LANE DALLAS

Comment
**3RD AMENDED PETITION**

---

08/19/2024 AMENDED PETITION ▾

PLAINTIFF S FIRST AMENDED PETITION

Comment
**PLAINTIFF S FIRST AMENDED PETITION**

---

08/19/2024 REQUEST FOR SERVICE ▾

REQUEST FOR CITATION (1ST AMEND PET)

Comment
**REQUEST FOR CITATION (1ST AMEND PET)**

---

08/19/2024 REQUEST FOR SERVICE ▾

REQUEST FOR CITATION (1ST AMEND PET)

Comment
**REQUEST FOR CITATION (1ST AMEND PET)**

08/19/2024 REQUEST FOR SERVICE ▾

REQUEST FOR CITATION (1ST AMEND PET)

Comment
**REQUEST FOR CITATION (1ST AMEND PET)**

08/19/2024 REQUEST FOR SERVICE ▾

REQUEST FOR CITATION (1ST AMEND PET)

Comment
**REQUEST FOR CITATION (1ST AMEND PET)**

08/19/2024 ISSUE CITATION ▾

ISSUE CITATION - 1. UNITED PROTECTIVE SERVICES (1ST AMEND)

ISSUE CITATION - 3. NORTHWOOD RETAIL, LLC (1ST AMEND)

ISSUE CITATION - 4. STARBUCKS CORPORATION DBA STARBUCKS COFFEE COMPANY (1ST AMEND)

Comment
**PLAINTIFFS FIRST AMENDED PETITION**

08/30/2024 CITATION ▾

Served
**09/16/2024**

Anticipated Server
**ESERVE**

Anticipated Method
Actual Server
**PRIVATE PROCESS SERVER**

Returned
**09/19/2024**
Comment
**UNITED PROTECTIVE SERVICES**

08/30/2024 CITATION ▾

Served
**09/05/2024**

Anticipated Server
**ESERVE**

Anticipated Method

Actual Server
**PRIVATE PROCESS SERVER**

Returned
**09/05/2024**
Comment
**TESLA, INC.**

---

08/30/2024 CITATION ▾

Served
**09/05/2024**

Anticipated Server
**ESERVE**

Anticipated Method
Actual Server
**OUT OF COUNTY**

Returned
**09/11/2024**
Comment
**NORTHWOOD RETAIL, LLC**

---

08/30/2024 CITATION ▾

Served
**09/05/2024**

Anticipated Server
**ESERVE**

Anticipated Method
Actual Server
**OUT OF COUNTY**

Returned
**09/13/2024**
Comment
**STARBUCKS CORPORATION DBA STARBUCKS COFFEE COMPANY**

---

09/05/2024 RETURN OF SERVICE ▾

Comment
**EXECUTED CITATION - TESLA, INC.**

---

09/09/2024 DISMISSAL FOR WANT OF PROSECUTION ▾

Dismissal Notice

Dismissal Notice

Judicial Officer
**HOFFMAN, MARTIN**

Hearing Time
**8:58 AM**

Cancel Reason
**BY COURT ADMINISTRATOR**

Comment
**2ND RESET ON DWOP - DEFT HAS BEEN SERVD MLD NTC TO PLT ATTY**

---

09/11/2024 RETURN OF SERVICE ▾

EXECUTED CITATION - NORTHWOOD RETAIL, LLC

Comment
**EXECUTED CITATION - NORTHWOOD RETAIL, LLC**

---

09/13/2024 AMENDED ANSWER - AMENDED GENERAL DENIAL ▾

1ST AMENDED ANSWER

Comment
**1ST AMENDED**

---

09/13/2024 MOTION - LEAVE ▾

MTN FOR LEAVE TO DESIGNATE THIRD PARTY

Comment
**TO DESIGNATE THIRD PARTY**

---

09/13/2024 RETURN OF SERVICE ▾

EXECUTED CITATION - STARBUCKS CORPORATION

Comment
**EXECUTED CITATION - STARBUCKS CORPORATION**

---

09/18/2024 MOTION - LEAVE ▾

1ST AMENDED MTN FOR LEAVE

Comment
**1ST AMENEDED**

---

09/19/2024 RETURN OF SERVICE ▾

AFFIDAVIT OF SERVICE - EXECUTED CITATION - UNITED PROTECTIVE SERVICES

Comment
**AFFIDAVIT OF SERVICE - EXECUTED CITATION - UNITED PROTECTIVE SERVICES**

---

09/23/2024 PROPOSED ORDER/JUDGMENT ▾

Comment
**PROPOSED 1ST AMENDED MTN FOR LEAVE**

---

09/24/2024 ORIGINAL ANSWER - GENERAL DENIAL ▾

DEFENDANT UNITED PROTECTIVE SERVICES, LP S ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION

09/27/2024 ORIGINAL ANSWER - GENERAL DENIAL

DEFENDANT TESLA, INC. S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

09/27/2024 NOTE - CLERKS

Comment
ORDER FOR LEAVE NOT SIGNED

09/30/2024 NOTE - ADMINISTRATOR

Comment
FWD ORDER TO DESIGNATE 3RD PARTY TO JUDGE FOR REV

10/14/2024 Motion - Leave

1ST AMENDED MTN FOR LEAVE

Judicial Officer
HOFFMAN, MARTIN

Hearing Time
03:15 PM

Comment
Via zoom 30m kimberly barker * 661*433*3272

## Financial

ESCANDON , JOHSUA

| | |
|---|---|
| Total Financial Assessment | $366.00 |
| Total Payments and Credits | $366.00 |

| | | | | |
|---|---|---|---|---|
| 4/11/2024 | Transaction Assessment | | | $366.00 |
| 4/11/2024 | CREDIT CARD - TEXFILE (DC) | Receipt # 24279-2024-DCLK | ESCANDON , JOHSUA | ($229.00) |
| 4/11/2024 | STATE CREDIT | | | ($137.00) |

Escandon, Johsua

| | |
|---|---|
| Total Financial Assessment | $32.00 |

| | | | | |
|---|---|---|---|---|
| Total Payments and Credits | | | | $32.00 |
| 8/26/2024 | Transaction Assessment | | | $32.00 |
| 8/26/2024 | CREDIT CARD - TEXFILE (DC) | Receipt # 58188-2024-DCLK | Escandon, Johsua | ($32.00) |

## Documents

PLAINTIFFS ORIGINAL PETITION

REQUEST FOR SERVICE

Dismissal Notice

Dismissal Notice

Dismissal Notice

Dismissal Notice

ISSUE CITATION - THE SHOPS AT PARK LANE DALLAS & NORTHWOOD RETAIL LLC.

Dismissal Notice

Dismissal Notice

ORIGINAL ANSWER THE SHOPS AT PARK LANE DALLAS

PLAINTIFF S FIRST AMENDED PETITION

REQUEST FOR CITATION (1ST AMEND PET)

REQUEST FOR CITATION (1ST AMEND PET)

REQUEST FOR CITATION (1ST AMEND PET)

REQUEST FOR CITATION (1ST AMEND PET)

ISSUE CITATION - 1. UNITED PROTECTIVE SERVICES (1ST AMEND)

ISSUE CITATION - 3. NORTHWOOD RETAIL, LLC (1ST AMEND)

ISSUE CITATION - 4. STARBUCKS CORPORATION DBA STARBUCKS COFFEE COMPANY (1ST AMEND)

EXECUTED CITATION - NORTHWOOD RETAIL, LLC

1ST AMENDED ANSWER

MTN FOR LEAVE TO DESIGNATE THIRD PARTY

EXECUTED CITATION - STARBUCKS CORPORATION

1ST AMENDED MTN FOR LEAVE

AFFIDAVIT OF SERVICE - EXECUTED CITATION - UNITED PROTECTIVE SERVICES

DEFENDANT UNITED PROTECTIVE SERVICES, LP S ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION

DEFENDANT TESLA, INC. S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

FILED
8/19/2024 1:30 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Angela Conejo DEPUTY

**CAUSE NO. DC-24-05311**

| | | |
|---|---|---|
| **JOSHUA ESCANDON** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **THE SHOPS AT PARK LANE DALLAS & NORTHWOOD RETAIL LLC.** | § | |
| | § | |
| | § | |
| ***Defendants*.** | § | **68th JUDICIAL DISTRICT** |

**PLAINTIFF'S FIRST AMENDED PETITION**

Plaintiff Joshua Escandon (hereinafter referred to as "Plaintiff") complains of Northwood Retail LLC ("Northwood"), United Protective Services, LP ("UPS"), Starbucks Corporation dba Starbucks Coffee Company ("Starbucks"), and Tesla, Inc ("Tesla"), collectively, ("Defendants") and would respectfully show the court:

**DISCOVERY CONTROL PLAN**

1. Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

**JURISDICTION AND VENUE**

2. The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County, Texas.

**STATEMENT REGARDING MONETARY RELIEF SOUGHT**

3. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief over $250,000.00 but not more than $10,000,000.00, including damages of any kind, penalties, costs,

expenses, pre-judgment interest and attorney's fees and judgment for all other relief to which Plaintiff is justly entitled. Plaintiff expressly reserves the right to amend this Rule 47 statement of relief if necessary.

## PARTIES

4. Plaintiff is an individual currently residing in San Francisco County, California.

5. Defendant Northwood Retail, LLC is a Texas entity with its principal place of business in Dallas County, Texas, and may be served with process by serving its registered agent, CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INC, at 211 E. 7TH STREET SUITE 620 AUSTIN, TX 78701 or wherever found.

6. Defendant United Protective Services ("United") is a Texas entity with its principal place of business in Dallas County, Texas, and may be served with process by serving its registered agent, Edward L. Allen, at 6500 Greenville Ave, Suite 535 Dallas, TX 75206, or wherever found.

7. Defendant Starbucks Corporation DBA Starbucks Coffee Company is a corporation engaged in business in the State of Texas. Defendant may be served with process by serving its registered agent, CORPORATION SERVICE COMPANY DBA CSC - LAWYERS INCO, at 211 E. 7TH STREET SUITE 620 AUSTIN, TX 78701 or wherever found.

8. Defendant Tesla, Inc., is a Texas corporation engaged in business in Dallas County, TX. Tesla, Inc., may be served with process by serving its registered agent, C T CORPORATION SYSTEM, 1999 BRYAN ST., STE. 900 DALLAS, TX 75201 or wherever found.

## MISNOMER AND ALTER EGO

9. In the event that any Parties are misnamed or not included herein, it is Plaintiff's contention that such was a misnomer and/or such Parties are/were alter egos of Parties names herein. Specifically, it is Plaintiff's intent to bring suit against the owners and/or operators of The Shops

at Park Lane, located at 8080 Park Ln, Dallas, TX 75231 in Dallas County, Texas. The owner and operator of the Starbucks located at 8026 Park Ln, Dallas TX 75231, and the owner of the Tesla Supercharger located at 8190 Park Ln, Dallas TX 75231.

**FACTS**

10. This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about August 7, 2023. At that time, Plaintiff was an invitee at The Shops at Park Lane Dallas, located at 8080 Park Ln, Dallas, TX 75231 (the "Shopping Center"), a retail shopping center owned and/or operated by Northwood. Further, Plaintiff had just purchased a drink from Starbucks located at 8026 Park Ln, Dallas, TX 75231 and was waiting for his vehicle to charge at the Tesla Supercharger. At that time, an unknown assailant stabbed Plaintiff in the neck causing severe bodily injury.

11. Unknown to Plaintiff at the time of this attack, the Shopping Center where the Starbucks and Tesla Supercharger were located was a hotspot for violent criminal activity. UPS was retained to provide security services at the location. All of these Defendants knew or should have known violent criminals frequented the establishment and surrounding areas. Defendants should have been aware because in the months prior to this incident, multiple calls for service to police were made pertaining to violent crimes. As such, Defendants were aware or should have been aware of many previous violent crimes involving patrons on the premises and that in several instances, weapons were used.

**Cause of Action: Negligence - Premises Liability and Negligence – Defendant Northwood Retail, LLC**

12. Plaintiff repeats and re-alleges the foregoing paragraphs 10 and 11, inclusive, and incorporates the same as if set forth herein at length.

13. Defendants knew, or should have known, that criminal acts by third persons were likely to occur at The Shops at Park Lane but took grossly inadequate steps to prevent such acts from occurring or to make the premises safe and failed to give adequate warning to Plaintiff. Because the Defendant negligently failed to warn its patrons about the presence of this violent crime, the level of violent activity on the premises, and failed to make the premises safe, Plaintiff suffered severe and permanent injuries.

14. Plaintiff would show that Defendant Northwood was negligent. Defendant Northwood, as owner and occupier of the premises, with control over the premises, has a duty to either correct the dangerous and defective condition or warn Plaintiff about it.

15. Defendant Northwood is liable to Plaintiff under the theory of premises liability and negligence based on the following conduct:

a. Failure to maintain the premises, including floor and walkways, in a reasonably safe condition;

b. Failure to inspect the premises where the dangerous condition existed;

c. Failure to correct the condition by taking reasonable measures to safeguard persons who entered the premises;

d. Failure to inform Plaintiff of the dangerous condition existing on the premises; and

e. Other acts so deemed negligent.

16. Each of the foregoing negligent acts and omissions, whether taken singularly or in any combination, is a proximate cause of Plaintiff's injuries and damages.

17. Defendant was also negligent because it failed to act as a reasonably prudent premises owner would act in the same or similar situation.

18. As a result of these acts and omissions, Plaintiff claims all damages recognizable by law.

**Cause of Action: Negligence - Premises Liability and Negligence – Defendant United Protective Services, LP.**

19. Plaintiff repeats and re-alleges the foregoing paragraphs 10 and 11, inclusive, and incorporates the same as if set forth herein at length.

20. At the time of the incident in question, Defendant UPS provided security services to Defendant Northwood. Defendant UPS, as the nominal security provider, had a duty to monitor, deter and prevent criminal activity at the Shopping Center. Defendant UPS knew, or should have known, that criminal acts by third persons were likely to occur at The Shops at Park Lane but took grossly inadequate steps to prevent such acts from occurring or to make the premises safe, and failed to give adequate warning to Plaintiff.

21. Because the Defendant negligently failed to warn its patrons about the presence of this violent crime, the level of violent activity on the premises, and failed to make the premises safe, Plaintiff suffered severe and permanent injuries. UPS was negligent in carrying out these duties in the following manner:

a. Failure to have adequate procedures;
b. Failure to engage is reasonable security operations;
c. Failure to staff the location with sufficient number of security guards given its size and risk of harm;
d. Failure to install and monitor security cameras;
e. Failure to install and monitor ingress and egress points so as to prevent loitering by criminals;
f. Failure to maintain the premises in a reasonably safe condition;
g. Failure to inspect the premises where the dangerous condition existed;

h. Failure to correct the condition by taking reasonable measure to safeguard persons who entered the premises;

i. Failure to inform Plaintiff of the dangerous condition existing on the premises;

j. Negligently conducting active operations on the premises,

k. Negligent hiring and/or retention of employees;

l. Negligent training and/or supervision of employees, invitees, and subcontractors;

m. Other acts deemed negligent.

23. Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

24 Defendant was also negligent in that it failed to act as a reasonably prudent premise owner would act in the same or similar situation.

**Cause of Action: Negligence - Premises Liability and Negligence – Defendant Starbucks Corporation dba Starbucks Coffee Company**

25. Plaintiff repeats and re-alleges the foregoing paragraphs 10 and 11, inclusive, and incorporates the same as if set forth herein at length.

26. Defendant Starbucks knew, or should have known, that criminal acts by third persons were likely to occur at The Shops at Park Lane but took grossly inadequate steps to prevent such acts from occurring or to make the premises safe, and failed to give adequate warning to Plaintiff. Because the Defendant negligently failed to warn its patrons about the presence of this violent crime, the level of violent activity on the premises, and failed to make the premises safe, Plaintiff suffered severe and permanent injuries.

27. Plaintiff would show that Defendant Starbucks was negligent. Defendant Starbucks, as owner and occupier of the premises, with control over the premises, has a duty to either correct the dangerous and defective condition or warn Plaintiff about it.

28. Defendant Starbucks is liable to Plaintiff under the theory of premises liability and negligence based on the following conduct:

a. Failure to maintain the premises, including floor and walkways, in a reasonably safe condition;

b. Failure to inspect the premises where the dangerous condition existed;

c. Failure to correct the condition by taking reasonable measures to safeguard persons who entered the premises;

d. Failure to inform Plaintiff of the dangerous condition existing on the premises; and

e. Other acts so deemed negligent.

29. Each of the foregoing negligent acts and omissions, whether taken singularly or in any combination, is a proximate cause of Plaintiff's injuries and damages.

30. Defendant was also negligent because it failed to act as a reasonably prudent premises owner would act in the same or similar situation. As a result of these acts and omissions, Plaintiff claims all damages recognizable by law.

**Cause of Action: Negligence - Premises Liability and Negligence – Defendant Tesla, Inc.**

31. Plaintiff repeats and re-alleges the foregoing paragraphs 10 and 11, inclusive, and incorporates the same as if set forth herein at length.

32. Defendant Tesla knew, or should have known, that criminal acts by third persons were likely to occur at The Shops at Park Lane parking garage but took grossly inadequate steps to prevent such acts from occurring or to make the premises safe and failed to give adequate warning to Plaintiff. Because the Defendant negligently failed to warn its patrons about the presence of this violent crime, the level of violent activity on the premises, and failed to make the premises safe, Plaintiff suffered severe and permanent injuries.

33. Plaintiff would show that Defendant Tesla was negligent. Defendant Tesla, as owner and

occupier of the premises, with control over the premises, has a duty to either correct the dangerous and defective condition or warn Plaintiff about it.

34. Defendant Tesla is liable to Plaintiff under the theory of premises liability and negligence based on the following conduct:

a. Failure to maintain the premises, including floor and walkways, in a reasonably safe condition;

b. Failure to inspect the premises where the dangerous condition existed;

c. Failure to correct the condition by taking reasonable measures to safeguard persons who entered the premises;

d. Failure to inform Plaintiff of the dangerous condition existing on the premises; and

e. Other acts so deemed negligent.

35. Each of the foregoing negligent acts and omissions, whether taken singularly or in any combination, is a proximate cause of Plaintiff's injuries and damages.

36. Defendant was also negligent because it failed to act as a reasonably prudent premises owner would act in the same or similar situation.

37. As a result of these acts and omissions, Plaintiff claims all damages recognizable by law

**Damages**

38. By virtue of the actions and conduct of Defendant as set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

a. Past and future medical expenses;

b. Past and future pain, suffering and mental anguish;

c. Past and future physical impairment;

d. Past and future physical disfigurement; and

e. Past lost wages and future loss of earning capacity.

39. By reason of the above, Plaintiff is entitled to recover damages from Defendant in an amount within the jurisdictional limits of this Court, as well as pre and post-judgment interest.

40. Plaintiff is entitled to punitive damages because the aforementioned actions and/or omissions of Defendant were grossly negligent. Defendant and/or its employees, contractors, and agents, acted with flagrant and malicious disregard of Plaintiff's health and safety and for the health and safety of others. Defendant knew or should have known of the likelihood of criminal activity given the nature of the business it operates, yet failed to provide any security despite promising its customers that such safety precautions would be taken. These acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. There was actual, objective awareness of the risk, and Defendant consciously disregarded such risk.

## Rule 193.7 Notice

41. Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

## Initial Disclosures

42. Pursuant to Texas Rules of Civil Procedure 194, Defendant must, without awaiting a discovery request, provide the information or materials described in TEXAS RULE OF CIVIL PROCEDURE 194.2 within 30 days of being served with this petition.

## Jury Demand

43. Plaintiff requests a trial by jury.

**PRAYER**

Plaintiff prays that these citations issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post judgment interests, all costs of Court, and all such other and further relief, to which he may be justly entitled.

Respectfully submitted,

**DASPIT LAW FIRM, PLLC**

*/s/ James Ramsey*
**James Ramsey**
Texas State Bar No.24095859
9601 McAllister Freeway, Suite 914
San Antonio, TX 78216
Telephone: (210) 526-0533
Facsimile: (713) 587-9086
E-Mail: e-service@daspitlaw.com
jramsey@daspitlaw.com

**ATTORNEY FOR PLAINTIFF**

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mariah Dimando on behalf of John Daspit
Bar No. 24048906
mdimando@daspitlaw.com
Envelope ID: 91057280
Filing Code Description: Amended Petition
Filing Description: PLAINTIFF'S FIRST AMENDED PETITION
Status as of 8/26/2024 4:25 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| DLF Intake | | intake@daspitlaw.com | 8/19/2024 1:30:25 PM | SENT |
| Alma Lira | | Alira@proactivelegal.com | 8/19/2024 1:30:25 PM | SENT |
| Daspit Proactive Legal | | daspit@proactivelegal.com | 8/19/2024 1:30:25 PM | SENT |
| James Ramsey | | jramsey@daspitlaw.com | 8/19/2024 1:30:25 PM | SENT |
| John Daspit | | e-service@daspitlaw.com | 8/19/2024 1:30:25 PM | SENT |
| Mariah Dimando | | mdimando@daspitlaw.com | 8/19/2024 1:30:25 PM | SENT |

FILED
8/19/2024 1:30 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Angela Conejo DEPUTY

# Request for Service

## Dallas County District Clerk

**CASE NUMBER:** DC-24-05311 **CURRENT COURT:** 68th District Court

**Name(s) of Documents to be served:** Plaintiff's First Amended Petition

**FILE DATE of document(s) to be served:** 08/19/2024 **Month/Day/Year**

**SERVICE TO BE ISSUED ON (Please List Exactly as The Name Appears in The Pleading to Be Served):**

**Issue Service to:** Tesla, Inc.

**Address of Service:** 1999 BRYAN ST., STE. 900

**City, State & Zip:** DALLAS, TX 75201

**Agent (if applicable):** C T CORPORATION SYSTEM

☐ **Check here to have citation addressed to wherever the addressee may be found.**

**TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the appropriate box)**

- ☒ **Citation for Personal Service**
- ☐ **Citation by Posting**
- ☐ **Citation by Publication**
- ☐ **Citation Scire Facias**
- ☐ **Writ of Garnishment**
- ☐ **Writ of Sequestration**
- ☐ **Writ of Attachment**
- ☐ **Writ of Habeas Corpus**
- ☐ **Secretary of State Citation ($12.00)**
- ☐ **Highway Commission ($12.00)**
- ☐ **Commissioner of Insurance ($12.00)**
- ☐ **Capias (not an E-Issuance)**
- ☐ **Temporary Restraining Order (Family)**
- ☐ **Temporary Ex Parte Protective Order**
- ☐ **Notice of Appl. For Protective Order**
- ☐ **Notice of Hearing/Show Cause**
- ☐ **Civil Injunction/TRO**
- ☐ **Precept**
- ☐ **Subpoena**
- ☐ **Other (Please describe)**

**(See additional forms for Post Judgment Service)**

- ☐ **Notice of Foreign Judgment (UIFSA)**
- ☐ **Notice of Foreign Judgment (UCCJEA)** **(by certified mail service)**
- ☐ **Writ of Withholding** **($15.00 - certified mail by District Clerk only)**
- ☐ **Notice of Termination of Child Support ($15.00 - certified mail by District Clerk only)**

**SERVICE BY: (Check the appropriate box.)**

- ☒ **E-Issuance by District Clerk (No Service Copy Fees Charged) (Note:) CAPIAS is not an E-Issuance Option**

***Citations returned electronically will be e-served through E-file Texas to requesting attorney/pro se.**

- ☐ **ATTORNEY PICK-UP (phone or email contact):** ______
- ☐ **MAIL to attorney at Attorney of Record's address on file in case record.**
- ☐ **CERTIFIED MAIL by District Clerk**
- ☐ **Regular Mail (only available for Expedited Foreclosures and UIFSA Foreign Judgments**
- ☐ **CIVIL PROCESS SERVER - Authorized Person to Pick-up:** ______ **Phone:** ______
- ☐ **OTHER, *explain:*** ______

**Issuance of Service requested by:**

**Attorney/Party Name:** James Ramsey **Bar# or ID:** 24095859

**Mailing Address:** 9601 McAllister Freeway, Suite 310, San Antonio, Texas 78216

**Phone Number:** (210) 526-0533

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mariah Dimando on behalf of John Daspit
Bar No. 24048906
mdimando@daspitlaw.com
Envelope ID: 91057280
Filing Code Description: Amended Petition
Filing Description: PLAINTIFF'S FIRST AMENDED PETITION
Status as of 8/26/2024 4:25 PM CST

Case Contacts

| **Name** | **BarNumber** | **Email** | **TimestampSubmitted** | **Status** |
|---|---|---|---|---|
| DLF Intake | | intake@daspitlaw.com | 8/19/2024 1:30:25 PM | SENT |
| Alma Lira | | Alira@proactivelegal.com | 8/19/2024 1:30:25 PM | SENT |
| Daspit Proactive Legal | | daspit@proactivelegal.com | 8/19/2024 1:30:25 PM | SENT |
| James Ramsey | | jramsey@daspitlaw.com | 8/19/2024 1:30:25 PM | SENT |
| John Daspit | | e-service@daspitlaw.com | 8/19/2024 1:30:25 PM | SENT |
| Mariah Dimando | | mdimando@daspitlaw.com | 8/19/2024 1:30:25 PM | SENT |

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To: TESLA, INC.**
**BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM**
**1999 BRYAN ST., STE. 900**
**DALLAS, TEXAS 75201**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S FIRST AMENDED PETITION**, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **68th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JOHSUA ESCANDON**

Filed in said Court **19th day of August, 2024** against

**UNITED PROTECTIVE SERVICES, TESLA, INC., NORTHWOOD RETAIL, LLC & STARBUCKS CORPORATION DBA STARBUCKS COFFEE COMPANY**

For Suit, said suit being numbered **DC-24-05311,** the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 30th day of August, 2024.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By ______________________, Deputy
ANGELA CONEJO

DISTRICT COURT OF DALLAS COUNTY, TEXAS

**ESERVE**

**CITATION**

**DC-24-05311**

**JOHSUA ESCANDON**
**vs.**
**THE SHOPS AT PARK LANE DALLAS & NORTHWOOD RETAIL LLC.**

ISSUED THIS
**30th day of August, 2024**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: ANGELA CONEJO, Deputy

**Attorney for Plaintiff**
**OMER SIDDIQUI**
**THE DASPIT LAW FIRM, PLLC**
**9601 MCALLISTER FREEWAY, SUITE 914**
**SAN ANTONIO, TEXAS 78216**
**(210) 526-0533**
**e-service@daspitlaw.com**

**DALLAS COUNTY SERVICE FEES NOT PAID**

Mauricio Segovia
PSC1689 Expires 8/31/2024
2024/09/05 11:51:31

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
09/05/2024
CT Log Number 547259844

## Service of Process Transmittal Summary

**TO:** LEGAL DEPARTMENT - SOP
TESLA, INC.
3000 HANOVER ST
PALO ALTO, CA 94304-1112

**RE:** **Process Served in Texas**

**FOR:** Tesla, Inc. (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JOSHUA ESCANDON // To: Tesla, Inc. |
| **DOCUMENT(S) SERVED:** | Citation, Return, First Amended Petition, Certificate |
| **COURT/AGENCY:** | 68th District Court of Dallas County, TX<br>Case # DC2405311 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 08/07/2023 |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 09/05/2024 at 11:51 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10 o'clock a.m. of the Monday next following the expiration of 20 days after you were served this citation (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | James Ramsey<br>DASPIT LAW FIRM, PLLC<br>9601 McAllister Freeway, Suite 914<br>San Antonio, TX 78216<br>210- 526-0533 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/06/2024, Expected Purge Date: 09/11/2024<br><br>Image SOP<br><br>Email Notification, LEGAL DEPARTMENT - SOP legalsop@tesla.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the

included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Thu, Sep 5, 2024
**Server Name:** Mauricio Segovia

| | |
|---|---|
| Entity Served | TESLA, INC. |
| Case Number | DC-24-05311 |
| Jurisdiction | TX |

| Inserts | | |
|---|---|---|
| | | |

FILED
9/27/2024 8:28 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Marissa Gomez DEPUTY

**CAUSE NO. DC-24-05311**

| | | |
|---|---|---|
| **JOSHUA ESCANDON** | § | **IN THE DISTRICT COURT** |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **vs.** | § | |
| | § | **68TH JUDICIAL DISTRICT** |
| **THE SHOPS AT PARK LANE DALLAS & NORTHWOOD RETAIL, LLC, UNITED PROTECTIVE SERVICES, STARBUCKS CORPORATION D/B/A STARBUCKS COFFEE COMPANY, AND TESLA, INC.** | § § § § § § § § | |
| | § | |
| ***Defendants.*** | § | **DALLAS COUNTY, TEXAS** |

**DEFENDANT TESLA, INC. 'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant Tesla, Inc. ("Defendant") and files this its Original Answer and Affirmative Defenses in the above entitled and numbered cause, and in support thereof, would respectfully show the Court as follows:

## I.
## GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every, singular and all of the allegations contained in Plaintiff's First Amended Petition and any amendments and supplements thereto, says the allegations contained therein are not true, either in whole or in part, and demands strict proof thereof by a preponderance of the evidence. Defendant reserves the right to amend its Answer in this cause in the manner authorized by the Texas Rules of Civil Procedure.

## II.
## AFFIRMATIVE DEFENSES

Pursuant to Texas Rule of Civil Procedure 94, Defendant asserts the following defenses, but only assumes the burden of proof on any such defense as required by applicable law.

a. Defendant denies it was an owner or occupier of the premises where the incident occurred and further denies Plaintiff sustained any injuries as the proximate result of conduct attributable to Defendant.

b. Pleading further, the incident and damages at issue in this lawsuit were the result of events, conditions, actions, or omissions of Plaintiff, other defendants, and/or responsible third parties wholly beyond Defendant's control.

c. Pleading further, Defendant would show that the criminal conduct of an unknown criminal actor contributed in whole or in part to the accident made the basis of this suit and that said criminal conduct was a new, independent, and/or an intervening cause not foreseeable to Defendant.

d. Pleading further, alternatively, and by way of affirmative defense, Defendant hereby invokes the provisions of Chapter 33 of the Texas Civil Practice and Remedies Code and specifically requests that the comparative responsibility of Plaintiff, other defendants, and/or responsible third parties be determined, and Plaintiff's recovery, if any, be barred or otherwise reduced by the fault attributable to Plaintiff, other defendants, and/or responsible third parties and requests that said individuals be submitted to a jury for an allocation of liability for the damages, if any, of Plaintiff.

e. Pleading further, alternatively, and by way of affirmative defense, Defendant contends that if any damages are adjudged against it that Defendant is entitled to contribution from all other defendants, third-party defendants, settling parties, and/or responsible third parties,

including but not limited to, contribution rights under Texas Civil Practice and Remedies Code Chapter 32.

f. Pleading further, alternatively, and by way of affirmative defense, Defendant is entitled to any credits and offsets allowed under the Texas Civil Practice and Remedies Code, the Texas Rules of Civil Procedure, and the Texas Rules of Evidence for any settlements entered into by the Plaintiff with any settling parties as a result of the incident made the basis of this suit.

g. Pleading further, alternatively, and by way of affirmative defense, Defendant contends that Plaintiff's recovery of medical or health care expenses, if any, is limited to the amount actually paid or incurred by or on behalf of the Plaintiff pursuant to Texas Civil Practice and Remedies Code § 41.0105.

h. Pleading further, alternatively, and by way of affirmative defense, Defendant contends Plaintiff's claim for prejudgment interest is limited by the dates and amounts set forth in Chapter 304 of the Texas Finance Code and/or any other applicable statute.

i. Pleading further, alternatively, and by way of affirmative defense, Defendant would show that the Plaintiff's recovery of lost earnings, loss of past earning capacity and loss of future earning capacity should be reduced to his post-income tax earnings consistent with Tex. Civ. Prac. & Rem. Code §18.091(a).

j. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively states that an award of punitive damages in this case would violate the procedural due process guaranteed by the Constitution of the United States Texas Law, and the instructions given to the jury, are vague and standardless as to whether and how much to punish a defendant, and are likely to produce arbitrary and capricious results. Therefore, any award of punitive damages should be disallowed, or declared null and void.

k. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff is not entitled to exemplary or punitive damages as alleged, for the reason that exemplary damages are unconstitutional and violative of the provisions of the United States Constitution and the Texas Constitution, including but not limited to the following provisions:

(1) Proscription on excessive fines. U. S. Constitution Amendment 8: Texas Constitution Article I, Section 13.

(2) Requirements of Due Process. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 13 and 19.

(3) Requirement of Equal Protection Under the Law. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 3 and 3a.

(4) Proscription on Ex Post Facto and Retroactive Law. U. S. Constitution Article I, Section 10; Texas Constitution Article I, Section 16.

(5) Such punitive damages are penal in nature. Under Texas law, they are not tied to any fair, just, and reasonable relation to actual damages. Consequently, exemplary damages violate the contract clause of the U. S- Constitution, U. S. Constitution Article I, Section 10.

l. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the exemplary damages, if any, assessed in this case be limited in accordance with the guidelines set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 1345L.Ed.2d 809 (1996), and *State Farm v. Campbell*, 123 S.Ct. 1513 (2003), the due process and excessive fines clauses of the United States and Texas Constitutions.

m. Pleading further, alternatively, and by way of affirmative defense, Defendant contends Plaintiff has failed to state a claim upon which relief can be granted.

## III.
## DESIGNATION OF JOHN DOE AS RESPONSIBLE THIRD PARTY

a. Defendant designates John Doe, an unknown assailant, as a responsible third party within the meaning of Texas Civil Practice & Remedies Code § 33.004(j). The incident

complained of in Plaintiff's First Amended Petition was caused by the criminal activity of John Doe.[1] Specifically, video surveillance of the incident at issue shows John Doe commit the criminal act of assault within the meaning of Texas Penal Code §22.01 when John Doe stabbed Plaintiff in the neck causing the loss or injury that is the subject of this suit.

b. John Doe remains unknown but is depicted in video surveillance of the incident which remains all that is known regarding the identity of John Doe. Said criminal activity, and/or comparative fault on the part of John Doe was either the sole cause, or in the alternative, a proximate cause, and/or a producing cause of the incident and injuries made the basis of this litigation. Defendant hereby contends that the acts complained of were proximately caused by John Doe and will seek leave to timely designate unknown criminal assailant John Doe as a responsible third party.

## IV.
## JURY DEMAND

a. Defendant hereby demands a jury trial on all issues.

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Tesla, Inc. respectfully prays that Plaintiff take nothing by this suit; for an award of all costs and expenses Defendant has incurred; and for such other and further relief, both at law and in equity, to which Defendant may show itself to be justly entitled.

//////////////////////SIGNATURE PAGE TO FOLLOW///////////////////////

[1] *See* Plaintiff's First Amended Petition, ¶ 10.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

By: ______________________________

Christopher A. Espinosa
Texas Bar No. 24075408
Chris.Espinosa@lewisbrisbois.com
Bryan 'Bryan' Leifer
Texas Bar No. 24104793
Bryan.Leifer@lewisbrisbois.com
2100 Ross Avenue, Suite 2000
Dallas, TX 75201
(214) 722-7144 - Telephone
(214) 722-7111 - Fax

**ATTORNEYS FOR DEFENDANT TESLA, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been sent to all counsel of record in accordance via electronic service with the Texas Rules of Civil Procedure on this the 27th day of September 2024.

______________________________

Christopher A. Espinosa

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Angie Richardson on behalf of Chris Espinosa
Bar No. 24075408
Angie.Richardson@lewisbrisbois.com
Envelope ID: 92519811
Filing Code Description: Original Answer - General Denial
Filing Description:
Status as of 9/27/2024 9:26 AM CST

Associated Case Party: JOHSUA ESCANDON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Mariah Dimando | | mdimando@daspitlaw.com | 9/27/2024 8:28:09 AM | SENT |

Associated Case Party: THE SHOPS AT PARK LANE DALLAS & NORTHWOOD RETAIL LLC.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Chaz DKlaes | | cklaes@wwhgd.com | 9/27/2024 8:28:09 AM | SENT |
| Stephanie SMills | | smills@wwhgd.com | 9/27/2024 8:28:09 AM | SENT |
| Jennifer Carter | | jcarter@wwhgd.com | 9/27/2024 8:28:09 AM | SENT |
| Grant AMcDonald | | gmcdonald@wwhgd.com | 9/27/2024 8:28:09 AM | SENT |
| Kimberlee Barker | | kbarker@wwhgd.com | 9/27/2024 8:28:09 AM | SENT |

Associated Case Party: TESLA, INC.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Bryan Leifer | | bryan.leifer@lewisbrisbois.com | 9/27/2024 8:28:09 AM | SENT |
| Chris A.Espinosa | | Chris.Espinosa@lewisbrisbois.com | 9/27/2024 8:28:09 AM | SENT |
| Angie Richardson | | Angie.Richardson@lewisbrisbois.com | 9/27/2024 8:28:09 AM | SENT |
| Dallas E-Service | | dal.e-storage@lewisbrisbois.com | 9/27/2024 8:28:09 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| DLF Intake | | intake@daspitlaw.com | 9/27/2024 8:28:09 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Angie Richardson on behalf of Chris Espinosa
Bar No. 24075408
Angie.Richardson@lewisbrisbois.com
Envelope ID: 92519811
Filing Code Description: Original Answer - General Denial
Filing Description:
Status as of 9/27/2024 9:26 AM CST

Case Contacts

| | | | | |
|---|---|---|---|---|
| DLF Intake | | intake@daspitlaw.com | 9/27/2024 8:28:09 AM | SENT |
| Alma Lira | | Alira@proactivelegal.com | 9/27/2024 8:28:09 AM | SENT |
| Daspit Proactive Legal | | daspit@proactivelegal.com | 9/27/2024 8:28:09 AM | SENT |
| James Ramsey | | jramsey@daspitlaw.com | 9/27/2024 8:28:09 AM | SENT |
| John Daspit | | e-service@daspitlaw.com | 9/27/2024 8:28:09 AM | SENT |